UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| MATSCO, a division of WELLS FARGO BANK, N.A., | ) ) ) | |
| Plaintiff | ) ) | |
| v. | ) ) | Civil No. 08-433-P-S |
| BRIGHTON FAMILY DENTAL, P.C., and JASON KASSIR, | ) ) ) ) | |
| Defendants | ) | |

*MEMORANDUM DECISION ON PLAINTIFF'S MOTION FOR SERVICE BY PUBLICATION*

The plaintiff, MATSCO, a division of Wells Fargo Bank, N.A., seeks leave to serve defendant Jason Kassir by publication in this replevin action alleging breach of contract and guaranty.  Complaint (Docket No. 1).

**I. Facts**

In support of its motion, the plaintiff has submitted the affidavit of Alan E. Goodman, a private investigator, which establishes the following:

1. No vehicle is registered to Jason Kassir in the state of Maine.  Registration on a 2006 Mercedes sedan listed to "AL PC Brighton Family Dent" and leased from Brighton Family Dental, P.C., both at 611 Brighton Avenue, Portland, Maine, expired on October 30, 2008.

2. A sign on the building at 611 Brighton Avenue, Portland, Maine reads: "Brighton Family Dental, Dr. Jason Kassir, DMD, 773-4597," but the sidewalks and steps had not been cleared of snow or ice, and the lights inside the building were not on during business hours.

3. This building is shown on Portland tax records as owned by Brighton Family Dental, P.C.  City tax bills are sent to this address.

4. Telephone calls to 773-4597 are automatically transferred to Main Street Dental, the dental practice of Paul Cloutier, DMD, at 880 Main Street, Westbrook, Maine.  A woman who answered Dr. Cloutier's telephone told the private investigator that Dr. Cloutier has been accepting patients from Dr. Kassir's practice since Brighton Family Dental closed in October or November 2008.  She also said that Dr. Kassir had returned to Lebanon to be with his family.

5. Brighton Family Dental, P.C., is a business corporation currently in good standing with the Corporations and Elections Division of the Maine Secretary of State's office.  Jason Kassir, 611 Brighton Avenue, Portland, ME, is the registered agent for the corporation.  The annual report for 2008 was filed on or about March 13, 2008.

6. Jason Kassir, DMD, also known as Hussein Kassir, held a Maine dentist's license, number DEN3762, that expired on December 31, 2007.

7. Jason Kassir lived in Apartment 10 at 246 Woodfords Street, Portland, Maine.  The manager of the building told the private investigator that Jason Kassir moved out of that apartment around June 2008.  He was not sure where Kassir went but thought that he might have gone to California.

8. Jason Kassir gave up his membership in the Portland Chamber of Commerce in 2006.

9. Jason Kassir is not known to the Portland Police Department.

10. The private investigator "made additional attempts to locate Kassir," otherwise unspecified, that were unsuccessful.

Affidavit of Due Diligence, State of Maine (Docket No. 6).

The plaintiff asserts that publication in the *Portland Press Herald* will be sufficient service because Kassir's "former place of business and his last known residential address are both located in Portland, Maine." Plaintiff's Motion for Service by Publication (Docket No. 5) at 2. A recent decision of the Maine Law Court strongly suggests otherwise.

## II.  Discussion

### A. The Rules

The applicable federal rule of civil procedure provides:

> Unless federal law provides otherwise, an individual . . . may be served in a judicial district of the United States by:
> (1)  following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]

Fed. R. Civ. P. 4(e). It is apparent that the plaintiff's motion is brought under this subsection of Rule 4.

The corresponding Maine civil procedure rule provides, in relevant part:

> (1)  *When Service May be Made.*  The court, on motion upon a showing that service cannot with due diligence be made by another prescribed method, shall order service by publication in an action described in subsection (f) of this rule . . . .
>
> (2)  *Contents of Order*. . . . The order shall also direct its publication once a week for 3 successive weeks in a designated newspaper of general circulation in the county where the action is pending; and the order shall also direct the mailing to the defendant, if the defendant's address is known, of a copy of the order as published.

M.R.Civ.P 4(g).

### B.  *Gaeth*

In *Gaeth v. Deacon*, 2009 ME 9, __ A.2d __, 2009 WL 235529 (Feb. 3, 2009), the Maine Supreme Judicial Court, sitting as the Law Court, addressed a challenge to the constitutionality of this portion of the Maine procedural rule. In that case, the plaintiff's attorney had sent a letter

3

to the defendant at an address in Massachusetts on April 7, 2004, and received a reply from the defendant by letter dated April 19, 2004. 2009 ME 9, ¶ 2, 2009 WL 235529 at *1. On June 22, 2004, the plaintiff filed suit against the defendant in the Maine Superior Court in Lincoln County, Maine, where he resided, asserting claims arising out of events that took place in Kennebec County in 2002. 2009 ME 9, ¶ 3, 2009 WL 235529 at *1.

On September 20, 2004 the plaintiff requested leave to serve the defendant by publication, asserting:

> [P]rior to March 29, 2004, [the plaintiff] conducted a computer search to find information on [the defendant] on autotrackxp.com, a public records database, and a telephone number search to find [the defendant] on msn.com, neither of which was successful; in March of 2004, [the plaintiff] contacted the Colby College Alumni Association and was given an address for [the defendant] in Cambridge, Massachusetts; [the plaintiff] received a letter from [the defendant] dated April 19, 2004, with a return address in Cambridge, Massachusetts; in July of 2004, [the plaintiff] sent a Middlesex County sheriff to Cambridge, Massachusetts, to serve the complaint and summons, but the sheriff was unsuccessful in his numerous attempts to [e]ffect service at the Cambridge address because he was unable to gain entry into the apartment building, the main door being locked; on July 29, 2004, [the plaintiff] repeated the computer searches . . . , but was unsuccessful in locating [the defendant]; and on August 4, 2004, [the plaintiff's] counsel received a response to the inquiry made to the post office in Cambridge, Massachusetts, which indicated that Deacon's address was in Cambridge, Massachusetts.

2009 ME 9, ¶ 4, 2009 WL 235529 at *1. The Superior Court granted leave, and the required notice was published in the required manner in a weekly newspaper, the *Lincoln County News*. 2009 ME 9, ¶ 6, 2009 WL 235529 at *2.

After the entry of default against the defendant, a damages hearing was held, at which only the plaintiff appeared. After the court issued a writ of execution on the subsequent judgment, counsel for the plaintiff served a subpoena on Colby College requesting any documents regarding the defendant, one of its graduates. Colby contacted the defendant directly

at an address in Medford, Massachusetts, that had been supplied to the college's Alumni Relations Office three months after service by publication had been completed. The defendant retained counsel in Maine and sought relief from the judgment, which the Superior Court denied. 2009 ME 9, ¶¶ 7-9, 2009 WL 235529 at *2.

After noting that "[b]oth the United States and Maine Constitutions require that, as a basic element of due process, any defendant against whom suit is commenced is entitled to notice reasonably calculated to give actual notice, and a reasonable opportunity to respond to the action[,]" the Law Court held that service by publication in the *Lincoln County News* was insufficient. 2009 ME 9, ¶ 24, 2009 WL 235529 at *5. After reviewing the changes in the means of disseminating information that have occurred since the use of service by publication first developed, the Law Court said:

> Because service by publication has become less likely to achieve actual notice of a lawsuit, it is also less likely to meet the requirements of due process. Today, just as one hundred years ago, notice of a suit must be given in the manner most reasonably calculated to apprise the defendant of the pendency of a suit. Accordingly, because of the recent societal changes, service by publication in a newspaper is now a last resort that a party should attempt only when it has exhausted other means more likely to achieve notice.
>
> * * *
>
> The purpose of the rule regarding service is to achieve due process by giving sufficient notice of civil actions. In this case, service by publication was made in a small weekly newspaper circulating primarily in Lincoln County. [The defendant's] only known contact with Maine was his attendance at Colby College, located in Kennebec County. He had no present contact with Maine, no present or past connections to Lincoln County, and his last known residence was in Cambridge, Massachusetts. It is difficult to conclude that in those circumstances, notice in a weekly newspaper published in Lincoln County was reasonably calculated to give [the defendant] actual notice of the lawsuit.

2009 ME 9, ¶ 26, 2009 WL 235529 at *6 (citations and internal punctuation omitted).

### C. The instant case

The search undertaken to locate the defendant in the instant case suffers from similar infirmities. Publication in a newspaper in Portland, Maine, where the defendant apparently no longer resides, cannot be said to be reasonably calculated to give him actual notice.

That likely absence of actual notice places on the plaintiff the burden of demonstrating that it has exhausted all other means more likely to achieve notice, so that service by publication is only left as "a last resort." On the showing proffered by the Affidavit of Due Diligence (Docket No. 6), the plaintiff's burden has not been met. A number of avenues do not appear to have been exhausted. For example, was any attempt made to determine whether Kassir is now licensed to practice dentistry in California? Was the Maine licensing agency for dentists asked where Kassir received his degrees and/or training, so that an attempt to locate him through those institutions' alumni offices could be made? Was a Lebanese consulate or embassy consulted for assistance? Was correspondence mailed to Kassir at the 611 Brighton Avenue address, where Brighton Family Dental is apparently still receiving mail? Was any utility company asked for a mailing address for charges incurred at 611 Brighton Avenue? Was any attempt made to learn whether Kassir left a forwarding address with the Postal Service? While each of these specific actions need not be ironclad prerequisites in an immutable list of steps to be undertaken in this case, something more than has been shown must be shown, in order to comply with the Law Court's explication of due process in this context.

This result is not inconsistent with the Law Court's opinion in *Phillips v. Johnson*, 2003 ME 127, 834 A.2d 938, which is distinguished in *Gaeth*, 2009 ME 9, ¶ 25 n.4, 2009 WL 235529 at *5 n.4, for reasons equally applicable here. In *Phillips*, service by publication resulted in actual notice to the defendants, through their mother, who saw the notice, and the defendants

were also served through their attorney. 2003 ME 127, ¶¶ 9, 12-13, 834 A.2d at 942-43. The Law Court refused to find that service inadequate in the face of an allegation that the service by publication was obtained by fraud. 2003 ME 127, ¶¶ 27-28, 834 A.2d at 946. The Law Court also held that the court's initial decision to allow service by publication did not abuse its discretion, based on the information that had been provided to the court at that time. 2003 ME 127, ¶ 23, 834 A.2d at 945. The Law Court in *Gaeth* distinguished *Phillips* because, although the facts in *Phillips* did not make it clear that the defendants and their parents resided in the vicinity of Houlton, Maine, where the notice was published, the defendants had a strong connection to the area and claimed ownership of property located in the area. 2009 ME 9, ¶ 25 n.4, 2009 WL 235529 at *5 n.4.

My decision is also supported by three other cases cited in *Gaeth*. In *Cooper v. Commonwealth Title of Arizona*, 489 P.2d 1262 (Ariz. App. 1971), the affidavit submitted in support of an application for service by publication stated only that a diligent search had been made to locate the named defendants. *Id*. at 1266. The court held that this was insufficient, holding that such an affidavit must demonstrate that "certain minimum efforts" to locate the defendants were undertaken, suggesting checking telephone listings, county voting lists, county assessor's records, utility companies, or a city directory, as well as attempting to determine whether a defendant had left a forwarding address. *Id*. Here, the list of activities provided by the plaintiff's agent was more extensive than that included in the *Cooper* affidavit, but less than enough under *Gaeth*. In both cases, sufficiency depends on the factual circumstances of the case.

In *Duarte v. Freeland*, 2008 WL 683427 (N.D.Cal. Mar. 7, 2008), the plaintiff hired a private process server, who made three unsuccessful attempts to serve each defendant, and conducted a search at one internet site. *Id*. at *2- *3. Noting that the plaintiff had not inquired of

7

city or telephone directories, attempted service by mail, or tried to obtain forwarding addresses, the court denied the plaintiff's motion for service by publication. *Id.* Similarly, in *Prudential Ins. Co. of Am. v. Holladay*, 2008 WL 1925293 (D.N.J. Apr. 30, 2008), the plaintiff seeking leave for service by publication submitted evidence that personal service had been attempted at a residential location twice and conducted "background searches" not otherwise described. *Id*. at *3. The court noted that "the plaintiff does not indicate whether or not it reviewed publicly available data bases, tax records, voting rolls, criminal history records, credit records, telephone directories, divorce records, or death records, or conducted internet inquiries." *Id*. It concluded that the necessary diligent effort to locate the defendant had not been shown. *Id*.

Again, "because of the recent societal changes, service by publication in a newspaper is now a last resort that a party should attempt only when it has exhausted other means more likely to achieve notice." *Gaeth*, 2009 ME 9, ¶ 26, 20009 WL 235529 at *6. The court cannot reach the question whether service by publication in the *Portland Press Herald* would be adequate in this case until it has been assured that all other available methods of service have been exhausted through the application of diligent search efforts. The plaintiff here has not yet provided that assurance.

On the showing made, the motion for service by publication upon defendant Kassir is **DENIED.**

Dated this 11th day of February, 2009.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge

8