UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| MATSCO, a division of WELLS FARGO BANK, N.A., | ) ) ) | |
| Plaintiff | ) ) | |
| v. | ) ) | Civil No. 08-433-P-S |
| BRIGHTON FAMILY DENTAL, P.C., and JASON KASSIR, | ) ) ) | |
| Defendants | ) | |

MEMORANDUM DECISION ON PLAINTIFF'S RENEWED MOTION FOR SERVICE BY PUBLICATION

Following the denial of its first motion for service by publication on defendant Jason Kassir (Docket No. 7), the plaintiff, MATSCO, a division of Wells Fargo Bank, N.A., undertook further efforts to locate Dr. Kassir. It now renews its motion, which is granted with the further conditions noted herein.

I.  Facts

The following facts are established by the affidavit submitted with the renewed motion, and are in addition to those set out in my memorandum decision denying the initial motion, which I will not repeat here. *See* Docket No. 7. Since February 11, 2009, the date of my denial of the initial motion, counsel for the plaintiff has undertaken the following efforts.

Counsel for the plaintiff contacted the Lebanese consulates in New York and Los Angeles, without success. Affidavit of Due Diligence of Edgar B. Hatrick (Docket No. 9) ¶ 6(a). Contacts with the United States State Department, the United States Citizenship & Immigration

Service, and United States Customs and Border Protection were similarly unsuccessful. *Id*. ¶ 6(b)-(d). He also attempted unsuccessfully to locate Dr. Kassir through the licensing agents for dentists in the states of California, Maine, New York, and Massachusetts. *Id*. ¶ 6(e). He contacted the alumni offices of all colleges and universities that Dr. Kassir was known to have attended, without success. *Id*. ¶ 6(f).

Counsel for the plaintiff left telephone messages for Dr. Kassir's brother in California, to which there has been no reply. *Id*. ¶ 6(g). He twice attempted to contact Dr. Kassir directly through an e-mail address given to him by a former employee of the other defendant in this case, Brighton Family Dental, P.C. He received no response, but notably neither of the two e-mail messages was returned as having been undeliverable. *Id*. ¶ 6(h). Mail to Dr. Kassir's most recent business address, however, has been returned to counsel for the plaintiff. *Id*. ¶ 6(i). Counsel for the plaintiff also conducted several internet searches, which yielded only Dr. Kassir's most recent home and business addresses in Maine. *Id*. ¶ 6(j). Finally, counsel attempted to obtain a more current address through the bank and its attorney who foreclosed on the mortgage on the real property of Dr. Kassir's business, and that attempt was also unsuccessful. *Id*. ¶ 6(k)

## II. Discussion

### A. The Rules

The applicable federal rule of civil procedure provides:

> Unless federal law provides otherwise, an individual . . . may be served in a judicial district of the United States by:
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]

Fed. R. Civ. P. 4(e).  It is apparent that the plaintiff's motion is brought under this subsection of Rule 4.

The corresponding Maine civil procedure rule provides, in relevant part:

> (1)  *When Service May be Made.*  The court, on motion upon a showing that service cannot with due diligence be made by another prescribed method, shall order service by publication in an action described in subsection (f) of this rule . . . .
>
> (2)  *Contents of Order*. . . . The order shall also direct its publication once a week for 3 successive weeks in a designated newspaper of general circulation in the county where the action is pending; and the order shall also direct the mailing to the defendant, if the defendant's address is known, of a copy of the order as published.

M.R.Civ.P 4(g).

### B.  The Instant Case

As I noted in my decision denying the initial motion, a request to authorize service by publication in this court is governed by the Maine Law Court's recent decision in *Gaeth v. Deacon*, 2009 ME 9, 962 A.2d 621.  In that case, the Law Court made clear that "service by publication has become less likely to achieve actual notice of a lawsuit" and held that such service "is now a last resort that a party should attempt only when it has exhausted other means more likely to achieve notice."  *Id* ¶ 26, 962 A.2d at 628.  The plaintiff's efforts now meet this standard.

The plaintiff's motion accordingly is **GRANTED**, subject to the following conditions: (1) the attached order shall be published in accordance with its terms, and (2) the plaintiff shall send electronic copies of the complaint, summons, and order as published to the e-mail address noted in counsel's affidavit (jason@Kassirfamily.com), with an electronic request for a delivery receipt, which receipt, if received, shall be filed with the court along with an affidavit showing that the e-mail was sent and delivered.

Dated this 30th day of March, 2009.

                                                /s/ John H. Rich III
                                                John H. Rich III
                                                United States Magistrate Judge